**RECEIVED**

**MAR 1 0 2008**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  ROBERT J. SCHWARTZ (CSB #254778)
   TRI-VALLEY CARES
2  2582 Old First Street
   Livermore, California 94551
3  Telephone: (925) 443-7148
   Facsimile: (925) 443-0177
4  Email: rob@trivalleycares.org

5  STEVEN SUGARMAN (*Pro Hac Vice*)
   BELIN & SUGARMAN
6  618 Paseo de Peralta
   Santa Fe, New Mexico 87501
7  Telephone: (505) 983-1700
   Facsimile: (505) 983-0036
8  Email: sugarman@bs-law.com

9  Attorneys for Plaintiffs
   TRI-VALLEY CARES, MARYLIA KELLEY,
10 JANIS KATE TURNER, and JEDIDJAH DE VRIES

E-filing

BZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI-VALLEY CARES, MARYLIA KELLEY, JANIS KATE TURNER, and JEDIDJAH DE VRIES, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF ENERGY, NATIONAL NUCLEAR SECURITY ADMINISTRATION, and LAWRENCE LIVERMORE NATIONAL LABORATORY, <br><br> Defendants | Case No.: <br><br> STIPULATION SETTING BRIEFING AND HEARING SCHEDULE AND LIMITING OPERATION OF PROJECT UNDER REVIEW <br><br> and <br><br> [PROPOSED] ORDER THEREON |

STIP. SETTING BRFG. AND HRG. SCHD. AND LIMITING OPERATION OF PROJECT UNDER REVIEW/[PROPOSED]

ORDER - 1

THROUGH THEIR UNDERSIGNED COUNSEL, the parties hereby agree and stipulate as follows:

1. On March 10, 2008, Plaintiffs filed a complaint challenging the Department of Energy's ("DOE") compliance with the National Environmental Policy Act ("NEPA") in approving the construction and operation of a Biosafety Level 3 ("BSL-3") facility at Lawrence Livermore National Laboratory ("LLNL") in Livermore, California.

2. Plaintiffs seek interim injunctive relief against the continued operation of the LLNL BSL-3 facility pending resolution of their claims on the merits. To avoid forcing the parties and this Court to expend unnecessary resources addressing a request for a temporary restraining order, the parties have conferred and agreed to a schedule for resolving Plaintiffs' request for preliminary relief and to a period of limited operations at the LLNL BSL-3 facility.

3. The parties therefore proposed the following schedule for resolution of Plaintiffs' Motion for Preliminary Injunction:

    a. Plaintiffs shall file and serve their Motion for Preliminary Injunction and brief in support thereof by March 10, 2008.

    b. Defendants shall file and serve their brief in opposition to Plaintiffs' Motion for Preliminary Injunction by March 26, 2008.

    c. Plaintiffs shall file and serve their reply in support of their Motion for Preliminary Injunction by April 2, 2008.

    d. Should the Court desire oral argument on Plaintiffs' Motion for Preliminary Injunction, the parties respectfully request that a hearing be held within two weeks of April 2, 2008, and will confer to suggest a desired schedule to the Court.

4. Plaintiffs agree not to seek a temporary restraining order for so long as the voluntary limitation on operations described below remains in effect. In exchange, Defendants agree to the following voluntary limitations on operations in the LLNL BSL-3 facility for a period of sixty (60) days:

    a. No aerosol testing;

   b. No rodent infection experiments;

   c. No production, generation, or knowing receipt of genetically modified biological material that would require management of the facility at the BSL-3 level; and

   d. The total amount of biological agents in the facility for which BSL-3 containment is recommended in the 4th Edition of *Biosafety in Microbiological and Biomedical Laboratories* shall not exceed 100 milliliters (ml).

5. The undersigned counsel for the parties further agree to consult no later than April 14, 2008, to determine whether a further limitation on operations in the LLNL BSL-3 facility is appropriate pending this Court's ruling on Plaintiffs' Motion for Preliminary Injunction.

6. Defendants shall produce the Administrative Record by April 11, 2008.

7. The parties will try to informally resolve any issues relating to the content of the Administrative Record. If informal efforts fail, plaintiffs shall have until April 25, 2008, to file any motion to supplement the Administrative Record.

8. Plaintiffs do not consider this action to be related to another under Civil L.R. 3-12. Defendants believe this case is related to plaintiffs' Tri-Valley CAREs, Marylia Kelley, and Janis Kate Turner's prior challenge to the DOE's approval of the construction and operation of the LLNL BSL-3 facility in Tri-Valley CAREs et al. v. Dept. of Energy, Case No. CV-03-3926-SBA (N.D. Cal.). That case was terminated on June 1, 2007. Defendants will file an Administrative Motion to Consider Whether Cases Should be Related.

9. The foregoing agreements are not intended, and may not be cited by any party, as admission of any issue of fact or law in this or any other judicial or administrative proceeding.

Dated: March 10, 2008

                Robert J. Schwartz
                Attorney for Plaintiffs

Dated: March 10, 2008

                Barclay Samford (approved telephonically)
                Attorney for Defendants

The parties may by stipulation, or by motion for good cause shown, seek this Court's approval of extensions of the foregoing deadlines.

<del>[PROPOSED]</del> ORDER

GOOD CAUSE APPEARING from the parties' foregoing stipulation,

IT IS SO ORDERED, subject to the following conditions set forth below:

<del>Dated: March ___, 2008</del>

[Name]
United States District <del>Judge</del>

1. Judge Armstrong's ruling on the related case motion.
2. All parties consenting to magistrate judge jurisdiction by March 21, 2008.  If a party declines, the case will be reassigned.
3. If a hearing is necessary it will occur on April 16 or April 23, 2008.

Dated:  March 13, 2008



IT IS SO ORDERED
Judge Bernard Zimmerman

STIP. SETTING BRFG. AND HRG. SCHD. AND LIMITING OPERATION OF PROJECT UNDER REVIEW/[PROPOSED] ORDER - 4