ROBERT J. SCHWARTZ (CSB #254778)
TRI-VALLEY CARES
2582 Old First Street
Livermore, California 94551
Telephone: (925) 443-7148
Facsimile: (925) 443-0177
Email: rob@trivalleycares.org

STEVEN SUGARMAN (*Pro Hac Vice*)
BELIN & SUGARMAN
618 Paseo de Peralta
Santa Fe, New Mexico 87501
Telephone: (505) 983-1700
Facsimile: (505) 983-0036
Email: sugarman@bs-law.com

Attorneys for Plaintiffs
TRI-VALLEY CARES, MARYLIA KELLEY,
JANIS KATE TURNER, and JEDIDJAH DE VRIES

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI-VALLEY CARES, MARYLIA KELLEY, JANIS KATE TURNER, and JEDIDJAH DE VRIES,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF ENERGY, NATIONAL NUCLEAR SECURITY ADMINISTRATION, and LAWRENCE LIVERMORE NATIONAL LABORATORY,<br><br>Defendants | Case No. 08-cv-01372-SBA<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: July 8, 2008<br>Time: 1:00 PM<br>Judge: Hon. Saundra B. Armstrong |

# REQUEST FOR JUDICIAL NOTICE

## I.     INTRODUCTION

Pursuant to Federal Rule of Evidence 201 and the authorities cited below, plaintiffs Tri-Valley CAREs, Marylia Kelley, Janis Kate Turner, and Jedidjah de Vries ("Plaintiffs") respectfully request that this Court take judicial notice of the following document attached as an exhibit hereto: National Nuclear Security Administration ("NNSA") press release, "Security Inspection of Livermore Lab Completed," dated May 9, 2008.

## II.    ARGUMENT

Under the Federal Rules of Evidence, "[a] court shall take judicial notice if requested by a party and supplied with the necessary information." FED. R. EVID. 201(d). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonable be questioned." *Id.* at 201(b); *see Brown v. Piper*, 91 U.S. 37, 42 (1875) ("Courts will take notice of whatever is generally known within the limits of their jurisdiction[.]"); *Muller v. Oregon*, 208 U.S. 412, 421, 28 S.Ct. 324 (1908) ("We take judicial cognizance of all matters of general knowledge."). A court "may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *Mack v. South Bay Beer. Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solmino*, 501 U.S. 104, 111 S.Ct. 2166 (1991)). In addition, a court "may take judicial notice of records and reports of administrative bodies." *Interstate Natural Gas Co. v. S. California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953).

The NNSA press release is admissible under the Federal Rules of Evidence. Pursuant to Rule 803, the following are not excluded by the hearsay rule: "Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . the activities of the office or agency[.]" FED. R. EVID. 803(8). Under Rule 902, "[e]xtrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to . . . [b]ooks, pamphlets, or other publications purporting to be issued by a public authority." *Id.* at 902(5). The NNSA press release describes the activities of the Department of Energy's ("DOE") Office of Health, Safety

1  and Security and NNSA and was issued by a public authority.  As such, the NNSA press release
2  may properly be considered by the Court in ruling on Plaintiffs' motion for preliminary injunction.
3  The NNSA press release describes deficiencies identified during a recent assessment of the
4  security programs at Lawrence Livermore National Laboratory ("LLNL").  Exh. 21.  The
5  assessment, which included a "force-on-force" exercise where a tactical security team plays the
6  role of terrorist attackers, was conducted by DOE's Office of Health, Safety and Security during a
7  seven week period.  *Id.*  Because the security assessment identified several areas as requiring
8  corrective action, some of the assumptions that DOE used in preparing its analysis of the potential
9  impacts of terrorist acts at the proposed Biosafety Level 3 facility at LLNL are invalid.  The
10 failure of these assumptions vitiates DOE's analysis.

11 **III.   CONCLUSION**

12 For the foregoing reasons, Plaintiffs respectfully request that this Court take judicial notice
13 of the document attached as an exhibit hereto.

Dated this 5th day of June, 2008

/S/
ROBERT J. SCHWARTZ
(CSB #254778)
TRI-VALLEY CARES
2582 Old First Street
Livermore, California 94551
Telephone: (925) 443-7148
Facsimile: (925) 443-0177
Email: rob@trivalleycares.org

/S/
STEVEN SUGARMAN (*Pro Hac Vice*) (approved telephonically)
BELIN & SUGARMAN
618 Paseo de Peralta
Santa Fe, New Mexico 87501
Telephone: (505) 983-1700
Facsimile: (505) 983-0036
Email: sugarman@bs-law.com

# EXHIBIT 21

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Case No. 08-cv-01372-SBA

 

**News Media Contact(s)**:
NNSA Public Affairs
(202) 586-7371

**For Immediate Release**
May 9, 2008

# Security Inspection of Livermore Lab Completed

WASHINGTON, D.C. -- The Department of Energy's National Nuclear Security Administration (NNSA) has initiated upgrades to security at the Lawrence Livermore National Laboratory (LLNL) after a recent security assessment identified several areas needing improvement.  LLNL is managed by Lawrence Livermore National Security, LLC (LLNS).

Over the past seven weeks, a routine, independent assessment of the security programs was conducted at LLNL by the Department of Energy's (DOE) Office of Health, Safety and Security (HSS), including a "force-on-force" exercise, where a tactical security team plays the role of an attacking force in a simulation drill.   These and other types of exercises are held at both NNSA and DOE sites routinely and are an important tool in evaluating security.

Following the initial HSS debrief, NNSA sent a team of headquarters and field security experts to assess the laboratory's response to the inspection. Although the inspectors noted several very positive areas, there were other areas requiring corrective action. NNSA is evaluating the corrective actions put into place by LLNL. HSS's final inspection report will be completed over the next month.

NNSA Principal Deputy Bill Ostendorff said that the initial results of the LLNL inspection highlighted a number of areas that require immediate attention, and that he expected the laboratory to work closely with the NNSA Livermore Site Office to make needed improvements.  In addition, senior NNSA officials have discussed these security issues with the LLNS Board of Governors.

Established by Congress in 2000, NNSA is a separately organized agency within the U.S. Department of Energy responsible for enhancing national security through the military application of nuclear science. NNSA maintains and enhances the safety, security, reliability and performance of the U.S. nuclear weapons stockpile without nuclear testing; works to reduce global danger from weapons of mass destruction; provides the U.S. Navy with safe and effective nuclear propulsion; and responds to nuclear and radiological emergencies in the United States and abroad.

###