JOSEPH P. RUSSONIELLO
United States Attorney
CHARLES O'CONNOR
Assistant United States Attorney
450 Golden Gate Ave., Box 36055
San Francisco, CA 94102
Telephone: (415) 536-6967
Facsimile: (415) 436-6748

RONALD J. TENPAS
Assistant Attorney General
BARCLAY T. SAMFORD (NMBN 12323)
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Div.
1961 Stout St., 8th Floor
Denver, CO 80294
Telephone: (303) 844-1475
Facsimile: (303) 844-1350

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TRI-VALLEY CARES, MARYLIA KELLEY, JANIS KATE TURNER, and JEDIDJAH DE VRIES, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF ENERGY, NATIONAL NUCLEAR SECURITY ADMINISTRATION, LAWRENCE LIVERMORE NATIONAL LABORATORY, <br><br> Defendants. | Case No. 08-cv-1372-SBA <br><br><br> **DEFENDANTS' ANSWER** |

Defs' Answer - 08-cv-1372-SBA

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants United States Department of Energy ("DOE"), National Nuclear Security Administration ("NNSA"), and Lawrence Livermore National Laboratory ("LLNL") (collectively "Defendants"), by and through their undersigned counsel, answer the allegations contained in the Plaintiffs' Complaint as follows:

The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Plaintiffs' Complaint.

1.  The allegations set forth in the first and second sentences of paragraph 1 constitute Plaintiffs' characterization of their case, to which no response is required. Defendants deny the allegations set forth in the third through sixth sentences of paragraph 1.

2.  Defendants admit that the challenged Biosafety Level 3 ("BSL-3") facility began operations on January 25, 2008. The remainder of the allegations set forth in paragraph 2 constitute Plaintiffs' characterization of their case to which no response is required.

3.  The allegations set forth in paragraph 3 constitute Plaintiffs' characterization of their case to which no response is required.

4.  The allegations set forth in paragraph 4 constitute conclusions of law to which no response is required.

5.  The allegations set forth in paragraph 5 constitute conclusions of law to which no response is required.

6.  Defendants lack knowledge or information sufficient to confirm or deny the allegations set forth in the first through fifth and seventh through twelfth sentences of paragraph 6 and on that basis deny. Defendants admit the allegations set forth in the sixth sentence of paragraph 6. In response to the allegations set forth in the thirteenth sentence of paragraph 6 Defendants admit that Tri-Valley CAREs submitted public comments on the EA for the proposed BSL-3 facility at LLNL. Defendants lack knowledge or information sufficient to confirm or deny the allegations set forth in the thirteenth sentence of paragraph 6 as to materials prepared by the Plaintiffs "for the community" and on that basis deny. Defendants deny the allegations set forth in the fourteenth sentence of paragraph 6.

7.  Defendants lack knowledge or information sufficient to confirm or deny the allegations

set forth in the first, second, third and seventh sentences of paragraph 7, and on that basis deny. In response to the allegations set forth in the fourth sentence of paragraph seven, Defendants admit that levels of plutonium above the background level have been detected in Big Tree Park in Livermore, California and aver that independent analysis has demonstrated that the levels are below the levels of health concern set by the EPA.  Defendants admit the allegations set forth in the fifth sentence of paragraph 7 and aver that some LLNL facilities discharge low quantities of radionuclides, including tritium, into the air which can then be detected in the environment, however, these amounts have never exceeded regulatory limits for exposure to the public and are generally two to three orders of magnitude below the EPA standards.  Defendants deny the allegations set forth in the sixth sentence of paragraph 7, and aver that groundwater remediation has pulled back off-site contamination plumes to a point that would not be below Ms. Kelley's home.  In response to the allegations set forth in the eighth sentence of paragraph 7, Defendants admit that Ms. Kelly occasionally comes to the LLNL Main Site for meetings with DOE and LLNL personnel.  Defendants admit the allegations set forth in the ninth sentence of paragraph 7.  Defendants deny the allegations set forth in the tenth sentence of paragraph 7.

8.  Defendants lack knowledge or information sufficient to conform or deny the allegations set forth in the first through fourth, seventh, eighth, and tenth through thirteenth sentences of paragraph 8, and on that basis deny.  Defendants admit the allegations set forth in the fifth and sixth sentences of paragraph 8.  The allegations set forth in the ninth sentence of paragraph 8 purport to characterize study by the California Department of Health Services, which speaks for itself and is the best evidence of its content.

9.  Defendants lack knowledge or information sufficient to confirm or deny the allegations set forth in the first through third, fifth and sixth sentences of paragraph 8, and on that basis deny. Defendants admit the allegations set forth in the fourth sentence of paragraph 9.

10.  Defendants lack knowledge or information sufficient to confirm or deny why Plaintiffs are "concerned" and "worried" and on that basis deny the allegations set forth in the first through third sentences of paragraph 10.  Defendants deny the allegations set forth in the fourth, fifth and sixth sentences of paragraph 10.

11.    Defendants admit the allegations set forth in paragraph 11.

12.    Defendants admit the allegations set forth in paragraph 12.

13.    Defendants admit the allegations set forth in paragraph 13.

14.    Defendants admit the allegations set forth in paragraph 14.

15.    Defendants admit the allegations set forth in the first sentence of paragraph 15. Defendants deny the allegations set forth in the second sentence of paragraph 15 and aver that one lab in the BSL-3 facility is equipped to expose rodents to infectious agents through inhalation using a collusion nebulizer in a bio-safety cabinet, and that the lab also contains a caging system capable of housing up to 100 rodents. Defendants admit the allegations set forth in the third sentence of paragraph 15. Defendants deny the allegations set forth in the fourth sentence and aver that the BSL-3 facility has the ability to produce small amounts of biological material (enzymes, DNA, ribonucleic acid [RNA], etc.) using infectious agents and genetically modified agents.

16.    Defendants deny the allegations set forth in the first sentence of paragraph 16. Defendants deny the allegations set forth in the second sentence of paragraph 16 and aver that an incident occurred in August-September 2005 in which several vials of anthrax leaked from their primary containers into the inner packaging of their secondary container during shipping, but did not escape into the tertiary shipping container. Defendants further aver there were no adverse health effects from the incident, and that there was no public release of the agent. Defendants lack knowledge or information sufficient to confirm or deny the allegations set forth in the second sentence of paragraph 16 with regard to other types of laboratory incidents as there is no indication when or where such incidents occurred, and on that basis deny. Defendants aver that decades of safe operations of biological research laboratories in the United States indicates that such incidents do not pose a significant impact on human health. The allegations set forth in the third sentence of paragraph 16 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

17.    Defendants admit the allegations set forth in the first sentence of paragraph 17. The allegations set forth in the second through fifth sentences of paragraph 17 purport to characterize

1 a publication of the Centers for Disease Control and Prevention ("CDC") and National Institutes
2 of Health ("NIH"), the Biosafety in Microbiological and Biomedical Laboratories ("BMBL")
3 which speaks for itself and is the best evidence of its content.
4 18.     Defendants admit the allegations set forth in paragraph 18.
5 19.     The allegations set forth in paragraph 19 purport to characterize the BMBL, which speaks
6 for itself and is the best evidence of its content.
7 20.     The allegations set forth in paragraph 20 purport to characterize the BMBL, which speaks
8 for itself and is the best evidence of its content.
9 21.     The allegations set forth in paragraph 21 purport to characterize the BMBL, which speaks
10 for itself and is the best evidence of its content.
11 22.     The allegations set forth in paragraph 22 purport to characterize the BMBL, which speaks
12 for itself and is the best evidence of its content.
13 23.      Defendants deny the allegations set forth in the first sentence of paragraph 23 and aver
14 that the LLNL BSL-3 facility may handle any of the bacterial or viral infectious agents listed in
15 the BSL-3 category by the CDC, including, but not limited to, *Bacillus anthracis*, *Yersinis pestis*,
16 *Clostribium botulinum, Coccidioides immitis, Brucella spp., Francisela tularensis,* and *Coxiella*
17 *burnietti*.  The allegations set forth in the second sentence of paragraph 23 purport to
18 characterize and quote from a Federal Regulation, 42 C.F.R. § 73.3 (2005), which speaks for
19 itself and is the best evidence of its content.
20 24.     Defendants admit the allegations set forth in the first sentence of paragraph 24.
21 Defendants deny the allegations set forth in the second sentence of paragraph 24 and aver that
22 the facility is equipped to conduct aerosol challenges of rodents, using a common commercial
23 nebulizer.  Defendants further aver that the facility may use genetically modified agents.
24 25.     Defendants admit the allegations set forth in paragraph 25.
25 26.     Defendants admit the allegations set forth in paragraph 26.
26 27.     Defendants admit the allegations set forth in paragraph 27.
27 28.     Defendants admit that the facility has the capacity to store 25,000 two-milliliter vials in
28 -80 degree locked freezers; resulting in a maximum capacity of approximately 50 liters.

1  Defendants aver that it will take years, if ever, to reach this physical storage limit.  Defendants
2  admit that one-liter of cultured microorganisms in their stationary growth phase is the maximum
3  quantity that can be handled in each of the three lab rooms at any one time.  Defendants further
4  aver that each individual lab room would not normally process volumes even close to the one-
5  liter limit.
6  29.	Defendants admit the allegations set forth in paragraph 29.
7  30.	Defendants admit the allegations set forth in paragraph 30.
8  31.	Defendants admit the allegations set forth in paragraph 31.
9  32.	Defendants admit the allegations set forth in paragraph 32.
10 33.	Defendants admit the allegations set forth in paragraph 33.
11 34.	Defendants admit that Plaintiffs submitted comments on the draft Environmental
12 Assessment.  The remainder of the allegations set forth in paragraph 34 purport to characterize
13 Plaintiffs' comments, which speak for themselves and are the best evidence of their content.
14 35.	Defendants admit the allegations set forth in paragraph 35.
15 36.	Defendants admit the allegations set forth in paragraph 36.
16 37.	Defendants deny the allegations set forth in paragraph 37.
17 38.	In response to the allegations set forth in paragraph 38, Defendants admit Plaintiff Tri-
18 Valley CARES and others filed a lawsuit on September 16, 2003.  The remainder of the
19 allegations set forth in paragraph 38 purport to characterize Plaintiffs' complaint, which speaks
20 for itself and is the best evidence of its content.
21 39.	In response to the allegations set forth in paragraph 39, Defendants admit the District
22 Court ruled on Plaintiffs' challenge on September 10, 2004.  The remainder of the allegations set
23 forth in paragraph 39 purport to characterize the District Court's ruling, which speaks for itself
24 and is the best evidence of its content.
25 40.	Defendants admit the allegations set forth in paragraph 40.
26 41.	Defendants deny the allegations set forth in paragraph 41.
27 42.	The allegations set forth in paragraph 42 purport to characterize unidentified "reports,"
28 which speak for themselves and are the best evidence of their content.

43. In response to the allegations set forth in paragraph 43, Defendants admit that the Court of Appeals for the Ninth Circuit issued a memorandum opinion on October 16, 2006. The remainder of the allegations set forth in paragraph 43 purport to characterize the Court of Appeals ruling, which speaks for itself and is the best evidence of its content.

44. Defendants admit the allegations set forth in paragraph 44.

45. In response to the allegations set forth in paragraph 45 Defendants admit each of the plaintiffs, except Jedidjah de Vries submitted comments. The remainder of the allegations set forth in paragraph 45 purport to characterize Plaintiffs' comment letters, which speak for themselves and are the best evidence of their content.

46. In response to the allegations set forth in the first through third sentences of paragraph 46, Defendants admit that on September 19, 2007, Plaintiffs sent a letter to Samuel Brinker, National Environmental Policy Act Document Manager at the NNSA's Livermore Site Office. The remainder of the allegations set forth in the first through third sentences of paragraph 46 purport to characterize the September 19, 2007 letter, which speaks for itself and is the best evidence of its content. Defendants admit the allegations set forth in the fourth sentence of paragraph 46.

47. Defendants admit the allegations set forth in the first and second sentences of paragraph 47, and deny that any such notice was required. The allegations set forth in the third and fourth sentences of paragraph 47 purport to characterize a January 28, 2008, press release, which speaks for itself and is the best evidence of its content.

48. The allegations set forth in paragraph 48 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations set forth in paragraph 48 are denied.

49. Defendants deny the allegations set forth in paragraph 49.

50. Defendants deny the allegations set forth in the first sentence of paragraph 50. The allegations set forth in the second through fifth sentences of paragraph 50 purport to characterize the Revised EA for the LLNL BSL-3 facility, which speaks for itself and is the best evidence of its content.

51. The allegations set forth in the first sentence of paragraph 51 constitute conclusions of law to which no response is required and purport to characterize the Revised EA for the LLNL BSL-3 facility, which speaks for itself and is the best evidence of its content. To the extent a response is required the allegations are denied. The allegations set forth in the second sentence of paragraph 51 purport to characterize the Revised EA for the LLNL BSL-3 facility, which speaks for itself and is the best evidence of its content. Defendants deny the allegations set forth in the third and forth sentences of paragraph 51.

52. The allegations set forth in the first sentence of paragraph 52 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. Defendants deny the allegations set forth in the second sentence of paragraph 52.

53. Defendants admit the allegations set forth in paragraph 53.

54. Defendants deny the allegations set forth in paragraph 54.

55. The allegations set forth in the first sentence of paragraph 55 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. Defendants deny the allegations set forth in the second sentence of paragraph 55.

56. The allegations set forth in the first and fourth sentences of paragraph 56 constitute conclusions of law to which no response is required. The allegations set forth in the second and third sentences of paragraph 56 purport to characterize DOE and Counsel on Environmental Quality ("CEQ") regulations, which speak for themselves and are the best evidence of their content.

57. Defendants deny the allegations set forth in the first sentence of paragraph 57 and aver that on September 24, 2007, the Regents of the University of California as manager of LLNL agreed to resolve its liability for alleged violations of the transfer requirements of the select agent regulations and security and access requirements in connection with the August - September 2005 shipping incident through a settlement agreement with the Office of the Inspector General ("OIG") of the Department of Health and Human Services. Defendants deny the allegations set forth in the second sentence of paragraph 57.

58. Defendants deny the allegations set forth in the first sentence of paragraph 58, and aver

1  that the OIG alleged LLNL violated the transfer requirements of the select agent regulations and
2  security and access requirements in connection with the shipment of a collection of vials
3  containing anthrax to a laboratory in Virginia and a laboratory in Florida.  Defendants deny the
4  allegations set forth in the second sentence of paragraph 58, and aver that at one lab workers
5  unpacking the shipment discovered that some vials had leaked from their primary containers into
6  the inner packaging of the secondary container.  Defendants further aver that material did not
7  escape from the secondary container into the packing material within the tertiary container.
8  Defendants deny the allegations set forth in the third sentence of paragraph 58 and aver that the
9  workers received medical treatment as a precaution and there were no adverse health effects.
10 Defendants admit the allegations set forth in the fourth sentence of paragraph 58.  The
11 allegations set forth in the fifth sentence of paragraph 58 purport to characterize a letter from
12 CDC, which speaks for itself and is the best evidence of its content.
13 59.    Defendants admit the allegations set forth in the paragraph 59.
14 60.    In response to the allegations set forth in the first sentence of paragraph 60, Defendants
15 admit that Tri-Valley CAREs sent a letter to Samuel Brinker dated October 29, 2007.  The
16 remainder of the allegations set forth in the first, second and third sentences of  paragraph 60
17 purport to characterize the October 29, 2007 letter, which speaks for itself and is the best
18 evidence of its content.  Defendants deny the allegations set forth in the fifth sentence of
19 paragraph 60.
20 61.    The allegations set forth in paragraph 61 purport to characterize CEQ regulations, which
21 speak for themselves and are the best evidence of their content.
22 62.    Defendants deny the allegations set forth in the first, second and third sentences of
23 paragraph 62.  Defendants lack knowledge or information sufficient to confirm or deny
24 Plaintiffs' unsupported assertions regarding what is "widely believed" about the 2001 anthrax
25 mailings, and on that basis deny the allegations set forth in the fourth sentence of paragraph 62.
26 63.    The allegations set forth in paragraph 63 purport to characterize an October 2007 letter
27 from Plaintiffs, which speaks for itself and is the best evidence of its content.
28 64.    Defendants deny the allegations set forth in the first sentence of paragraph 64.  The

allegations set forth in the first clause of the second sentence of paragraph 64 purport to characterize the Revised EA for the LLNL BSL-3 facility, which speaks for itself and is the best evidence of its content.  In response to the remaining allegations set forth in the second sentence of paragraph 64, Defendants admit that the Final Revised EA was not circulated for public comment prior to issuance of the FONSI, and aver that DOE was not required to circulate the Final Revised EA for public comment prior to issuance of the FONSI.

65. The allegations set forth in paragraph 65 purport to characterize a letter from Plaintiffs, which speaks for itself and is the best evidence of its content.

66. The allegations set forth in the first sentence of paragraph 66 purport to characterize a General Accounting Office ("GAO") report, which speaks for itself and is the best evidence of its content.  The allegations set forth in the second and third sentences of paragraph 64 purport to characterize the Revised EA for the LLNL BSL-3 facility, which speaks for itself and is the best evidence of its content.

67. The allegations set forth in paragraph 67 purport to characterize regulations, which speak for themselves and are the best evidence of their content.

68. Defendants admit the allegations set forth in paragraph 68.

69. The allegations set forth in paragraph 69 purport to characterize DOE and CEQ regulations, which speak for themselves and are the best evidence of their content.

70. Defendants deny the allegations set forth in paragraph 70.

71. Defendants admit the allegations set forth in paragraph 71.

72. Defendants reassert their responses to all proceeding paragraphs.

73. The allegations set forth in paragraph 73 constitute conclusions of law to which no response is required.  To the extent a response is required the allegations are denied.

74. The allegations set forth in paragraph 74 constitute conclusions of law to which no response is required.  To the extent a response is required the allegations are denied.

75. Defendants reassert their responses to all proceeding paragraphs.

76. The allegations set forth in paragraph 76 constitute conclusions of law to which no response is required.  To the extent a response is required the allegations are denied.

77. The allegations set forth in paragraph 77 constitute conclusions of law to which no response is required. To the extent a response is required the allegations are denied.

78. Defendants reassert their responses to all proceeding paragraphs.

79. The allegations set forth in paragraph 79 constitute conclusions of law to which no response is required. To the extent a response is required the allegations are denied.

80. The allegations set forth in paragraph 80 constitute conclusions of law to which no response is required. To the extent a response is required the allegations are denied.

81. Defendants reassert their responses to all proceeding paragraphs.

82. The allegations set forth in the first sentence of paragraph 82 constitute conclusions of law to which no response is required. To the extent a response is required the allegations set forth in the first sentence of paragraph 82 are denied. The allegations set forth in the second sentence of paragraph 82 purport to characterize DOE and CEQ NEPA regulations, which speak for themselves and constitute the best evidence of their contents.

83. The allegations set forth in paragraph 83 constitute conclusions of law to which no response is required. To the extent a response is required the allegations are denied.

84. The allegations set forth in the first sentence of paragraph 84 constitute conclusions of law to which no response is required. Defendants admit the allegations set forth in the second sentence of paragraph 84.

85. Defendants deny the allegations set forth in paragraph 85.

The remainder of Plaintiffs' complaint consists of Plaintiffs' request for relief to which no response is required. To the extent a response is required, Defendants deny Plaintiffs are entitled to the relief requested or any relief whatever.

Unless specifically admitted herein, Defendants deny each and every allegation in Plaintiffs' Complaint.

Dated this 23th day of June, 2008.

                Respectfully submitted,
                RONALD J. TENPAS
                Assistant Attorney General

                /s/ Barclay T. Samford

| | |
|---|---|
| 1 | BARCLAY T. SAMFORD |
| 2 | Trial Attorney |
|   | U.S. Department of Justice |
| 3 | Environment & Natural Resources Division |
|   | 1961 Stout Street, 8th Floor |
| 4 | Denver, CO 80294 |