ROBERT J. SCHWARTZ (CSB #254778)
TRI-VALLEY CARES
2582 Old First Street
Livermore, California 94551
Telephone: (925) 443-7148
Facsimile: (925) 443-0177
Email: rob@trivalleycares.org

STEVEN SUGARMAN (*Pro Hac Vice*)
BELIN & SUGARMAN
618 Paseo de Peralta
Santa Fe, New Mexico 87501
Telephone: (505) 983-1700
Facsimile: (505) 983-0036
Email: sugarman@bs-law.com

Attorneys for Plaintiffs
TRI-VALLEY CARES, MARYLIA KELLEY,
JANIS KATE TURNER, and JEDIDJAH DE VRIES

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI-VALLEY CARES, MARYLIA KELLEY, JANIS KATE TURNER, and JEDIDJAH DE VRIES,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF ENERGY, NATIONAL NUCLEAR SECURITY ADMINISTRATION, and LAWRENCE LIVERMORE NATIONAL LABORATORY,<br><br>Defendants | Case No. 08-cv-01372-SBA<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF** |

## I. INTRODUCTION

Plaintiffs' motion for leave to file a supplemental brief in support of their motion for preliminary injunction should be granted. The supplemental brief relates specifically to a cause of action that was set forth with clarity in Plaintiffs' complaint. With their third cause of action, Plaintiffs allege that defendants United States Department of Energy ("DOE"), National Nuclear Security Administration ("NNSA"), and Lawrence Livermore National Laboratory ("Livermore Lab" or "LLNL") (collectively, "Defendants") violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321-4370d (1975), and applicable regulations implementing NEPA by failing to prepare a supplement to the final Revised EA ("Environmental Assessment") for the proposed LLNL Biosafety Level 3 ("BSL-3") facility in response to significant new circumstances and information relevant to the environmental impacts of the facility. Plaintiffs' supplemental brief does not raise a new cause of action that was not pled in their complaint. Rather, the supplemental brief furnishes critical support to a pending cause of action and provides further evidence that Defendants' failure to prepare a supplement to the final Revised EA poses a risk of harm to public health and safety. Finally, Plaintiffs' declaration and exhibits are admissible under the Federal Rules of Evidence.

## II. ARGUMENT

### a. Plaintiffs' Supplemental Brief Relates to a Count Already Before the Court

Plaintiffs' supplemental brief, which addresses the significance of new information regarding the adequacy of the security programs at Livermore Lab, relates to Plaintiffs' third count, in which Plaintiffs allege that Defendants violated NEPA and its implementing regulations by failing to prepare a supplement to the final Revised EA in response to significant new circumstances and information relevant to the environmental impacts of the proposed LLNL BSL-

3 facility. Ex. 22; Dkt. No. 1 at 23. Because Plaintiffs' supplemental brief relates to a count that was set forth in their complaint, the Court may properly issue a preliminary injunction based upon it. *See First Health Group Corp. v. Nat'l Prescription Adm'rs, Inc.*, 155 F. Supp. 2d 194, 198, 233 n.10 (M.D. Pa. 2001).

The cases cited by Defendants in support of the misguided contention that the Court is barred from considering Plaintiffs' supplemental brief are plainly distinguishable, and, in fact, these two cases actually support Plaintiffs' position. In *Stewart v. U.S. Immigration & Naturalization Serv.*, the plaintiff sought a preliminary injunction on the ground that he had been retaliated against for having brought discrimination charges against the Immigration and Naturalization Service. 762 F.2d 193, 195-96 (2d Cir. 1985). Since the complaint only included a count for discrimination and not retaliation, the Court held that no jurisdictional basis existed upon which the district court could have issued its preliminary injunctive relief. *Id.* at 199. Similarly, in *First Health Group Corp.*, the Court refused to award a preliminary injunction based on a count for corporate raiding that was not set forth in the complaint. 155 F. Supp. 2d at 198, 233 n.10.

Here, the complaint alleges that "Defendants have failed to prepare a supplement to the EA in response to significant new circumstances and information relevant to the environmental impacts of the proposed BSL-3 facility." Dkt. No. 1 at 23. Thus, the legal claim addressed in Plaintiffs' supplemental brief—that Defendants violated NEPA and applicable regulations by failing to prepare a supplement to the final Revised EA for the proposed BSL-3 facility—was clearly presented in Plaintiffs' complaint. *Id.*; Dkt. No. 42 at 2.

Although the complaint does not include facts concerning the recent security assessment, Plaintiffs have met "the liberal pleading standards" set forth in the Federal Rules of Civil Procedure ("Rules"). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). Pursuant to the Rules,

"[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  FED. R. CIV. P. 8(a).  According to the Supreme Court, the Rules "'do not require a claimant to set out in detail the facts upon which he bases his claim.'"  *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S. Ct. 1160 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)).  Plaintiffs easily meet this standard.  Indeed, the critical facts contained in Plaintiffs' supplemental brief did not exist at the time that their complaint was filed and so could not have been referenced in the complaint.  However, there was an ample evidentiary basis for Plaintiffs' third claim for relief at the time that it was pled, and the newly available facts that Plaintiffs desire to brief provide important additional evidence in support of that claim.

### b. Defendants Violated NEPA by Failing to Prepare a Supplement to the EA

Defendants violated NEPA and its implementing regulations by failing to prepare a supplement to the final Revised EA for the proposed LLNL BSL-3 facility in response to "significant new circumstances or information relevant to environmental concerns and bearing on the proposed action or its impacts."  40 C.F.R. § 1509(c)(1)(ii) (1978).  The Supreme Court has interpreted NEPA, in light of this regulation, as requiring an agency to take a "hard look" at new circumstances and information to determine whether supplementation may be required.  *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 72-73, 124 S. Ct. 2373 (2004) (citing *Marsh v. Oregon Natural Resources Council*, 490 U.S. 360, 378-85, 109 S. Ct. 1851 (1989)).

The Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A) (1966), governs the Court's review of Defendants' actions, conclusions, and findings of fact, which must be set aside "if they are 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'"  *Ocean Advocates v, United States Army Corps of Eng'rs*, 402 F.3d 846, 858 (9th Cir.

2005) (quoting 5 U.S.C. § 706(2)(A)).  Although the Court's review under the APA "is deferential, the agency must nonetheless 'articulate a rational connection between the facts found and the conclusions made.'"  *Or. Natural Res. Council Fund v. Goodman*, 505 F.3d 884, 889 (9th Cir. 2007) (quoting *United States v. Louisiana-Pacific Corp.*, 967 F.2d 1372, 1376 (9th Cir. 1992)).  Moreover, "if an agency 'fails to consider an important aspect of a problem . . . [or] offers an explanation for the decision that is contrary to the evidence,' its action is 'arbitrary and capricious.'"  *Or. Natural Res. Council Fund*, 505 F.3d at 889 (quoting *Lands Council v. Powell*, 395 F.3d 1019, 1026 (9th Cir. 2005)).

Here, Defendants' explanation as to why the Livermore Lab security assessment does not require supplementation of the final Revised EA is contrary to the evidence.  *See* Dkt. 46 at 3; Dkt. 46-2.  In the final Revised EA for the proposed BSL-3 facility, Defendants concluded that "a successful terrorist attack involving facility damage and loss of containment is not expected to occur due to the extensive layered security programs at [Livermore Lab]."[1]  Def. Ex. 1 at v.  However, this core assumption is invalidated by the recent LLNL security assessment, which shows that the security programs at Livermore Lab cannot be relied upon to prevent an intentional terrorist act.

As Defendants acknowledge, the LLNL security assessment "includes findings indicating 'significant weaknesses' in the areas of the protective forces."  Dkt. 46-2 at 1.  Accordingly,

---

[1] Defendants further state that, "in any event, the environmental consequences would be bounded by the effects that would occur during catastrophic events or operational accidents[.]"  Def. Ex. 1 at v.  Plaintiffs have also challenged Defendants' application of an analysis of accidents to an analysis of the potential consequences of acts of sabotage or terrorism in their first claim for relief.  Dkt. 1 at 15-16, 22.

Livermore Lab's protective force "was not rated as 'Effective Performance.'"[2] *Id.* at 3. Yet Defendants maintain that the recent security assessment "does not provide any reason to reconsider the terrorist threat analysis in the BSL-3 EA." *Id.* at 4. This is a particularly troubling conclusion to reach given that the security assessment "dealt primarily with security assets provided for the protection of special nuclear material at LLNL." *Id.* at 3. At Livermore Lab, special nuclear material is stored in the "Superblock," a heavily-fortified and defended collection of buildings. Ex. 23 at ¶¶ 5, 12; Ex. 25 at 1. In contrast, the proposed BSL-3 facility is a single-story, prefabricated facility that is located in a former parking area and access drive. Def. Ex. 1 at 9-10. Moreover, unlike the proposed BSL-3 facility, the "Superblock" is protected by a Perimeter Intrusion Detection and Assessment System and a Dillon Aero Gatling gun, which is capable of firing 4,000 high-velocity rounds per minute and has a lethal range of one mile. Ex. 23 at ¶¶ 5, 9, 12; Ex. 25 at 1; Ex. 26 at 2. In light of the above, it is clear that Defendants' determination that supplementation is not required in this instance is contrary to the evidence showing that LLNL's security programs are not nearly as robust or effective as Defendants claim in this lawsuit. *See, e.g.,* Dkt. 11 at 10.

### c. Plaintiffs' Declaration and Exhibits are Admissible

Plaintiffs' declaration and exhibits are admissible under Rule 807 of the Federal Rules of Evidence.[3] *See, e.g., U.S. v. Sanchez-Lima*, 161 F.3d 545, 547-48 (9th Cir. 1993); *Federal Trade Commission v. Figgie International, Inc.*, 994 F.2d 595, 608-09 (9th Cir. 1993). Pursuant to Rule 807:

---

[2] In the final Revised EA, Defendants' analysis of the threat of terrorist activity at the proposed BSL-3 facility relies on the results of a 2004 assessment of the security programs at LLNL, which rated the protective force operations as "Effective Performance." Def. Ex. 1 at 61.

[3] Of note, Defendants have not challenged the admissibility of Plaintiffs' Exhibit 24, an NNSA press release describing the results of the LLNL security assessment. *See* Dkt. 46.

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

FED. R. EVID. 8(a). Plaintiffs' declaration and exhibits are offered as evidence of a material fact; namely, that "[t]he results of the recent assessment of LLNL's security programs indicate that Livermore Lab is vulnerable to terrorist attack." Dkt. 42 at 2. As specified above, because the security failures identified in the security assessment invalidate some of the assumptions contained in the final Revised EA, Defendants' analysis contained therein is vitiated. *Id.*

With regard to the second factor under Rule 807, Plaintiffs' declaration and exhibits are more probative on the point for which they are offered than any other evidence which Plaintiffs can procure through reasonable efforts. According to Defendants, the preliminary and final reports on the Livermore Lab security assessment are classified and will not be released to the public. Dkt. 46-3 at ¶¶ 4-5. As such, Plaintiffs cannot procure these documents. Plaintiffs' declaration and exhibits have the requisite circumstantial guarantees of trustworthiness to be admissible under Rule 807. Declarant Peter D. H. Stockton, a former DOE employee and congressional investigator, attested to the accuracy of his declaration. Ex. 23. Similarly, Plaintiffs' exhibits—an article from Time magazine and an article from the Contra Costa Times—are based on reliable sources, including spokespersons for defendants NNSA and Livermore Lab. *See* Ex. 23; Ex. 24.

Finally, concerning the third factor under Rule 807, the interests of justice and the general purposes of the Federal Rules of Evidence will be served by the admission of Plaintiffs' declaration and exhibits into evidence. This is a situation where the results of the Livermore Lab

security assessment are widely known, but the best evidence thereof—the preliminary and final reports on the security assessment—is controlled by Defendants and will not be released to the public. *See* Ex. 23; Ex. 24; Ex. 25; Dkt. 46-3 at ¶¶ 4-5. To allow Defendants to prevent the Court from considering this evidence in ruling on Plaintiffs' motion for preliminary injunction would be a miscarriage of justice. Moreover, given that the purpose of the Federal Rules of Evidence is to ensure that "the truth may be ascertained and proceedings justly determined[,]" admission of Plaintiffs' declaration and exhibits would clearly serve the purposes of the rules. FED. R. EVID. 102.

### III. CONCLUSION

Plaintiffs' motion for leave to file a supplemental brief in support of their motion for preliminary injunction should be granted. Because Plaintiffs' supplemental brief relates to a count that was set forth in their complaint, the Court may properly issue a preliminary injunction based upon it. As Plaintiffs' supplemental brief demonstrates, Defendants violated NEPA and its implementing regulations by failing to prepare a supplement to the final Revised EA for the proposed LLNL BSL-3 facility in response to significant new information relevant to the environmental impacts of the facility. Finally, Plaintiffs' declaration and exhibits are admissible under the Federal Rules of Evidence.

At bottom, Defendants' objection to Plaintiffs' motion constitutes nothing more than an invitation to the Court to disregard critical information regarding the assumptions that underlie Defendants' so-called analysis of the threat of terrorist activity at the proposed LLNL BSL-3 facility. Recent information shows that those assumptions are invalid and that, therefore, Defendants' analysis of the terrorist threat does not have a firm basis in real-world, on-the-ground conditions. Defendants' effort to sweep this information under the rug in this litigation will

increase the risk of harm posed to public health and safety by the facility. For this reason, Plaintiffs respectfully submit that the Court should refuse Defendants' entreaties to ignore critical information and should instead allow the filing of Plaintiffs' supplemental brief.

Dated this 15th day of July, 2008

/S/
ROBERT J. SCHWARTZ
(CSB #254778)
TRI-VALLEY CARES
2582 Old First Street
Livermore, California 94551
Telephone: (925) 443-7148
Facsimile: (925) 443-0177
Email: rob@trivalleycares.org

/S/
STEVEN SUGARMAN (*Pro Hac Vice*)
BELIN & SUGARMAN
618 Paseo de Peralta
Santa Fe, New Mexico 87501
Telephone: (505) 983-1700
Facsimile: (505) 983-0036
Email: sugarman@bs-law.com